MANUEL A. GARCÍA MÉNDEZ, Plaintiff and Appellant, v. ANDRÉS VILLARUBIA CHAPARRO ET UX., Defendants and Appellees.

No. 5129.   Argued March 27, 1931.—Decided March 31, 1931.

Juan B. García Méndez for appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In a summary foreclosure proceeding the mortgaged property was acquired by the mortgagee, sole bidder at the sale, for an amount representing something more than one-half of the debt.   The mortgagee then instructed the marshal to attach three other parcels of land, the usufruct of defendants therein, and certain live stock.   The district court refused to order the sale of the property so attached, and the mortgagee appeals.

Section one of "An Act relating to judgments and the manner of satisfying them", approved March 9, 1905 (Comp. St. 1911, sec. 5295) provides:

"That decision and judgments rendered in all actions or special proceedings for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damage and costs with a foreclosure of his lien on the property subject thereto, and that an order of sale shall be issued to the marshal of any district where such property may be, directing him to seize and sell the same in satisfaction of the judgment in the manner provided by law for the sale of property under execution; and if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to secure the money, or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions."

In *P. R. Leaf Tobacco Company* v. *Aldrey*, 13 P.R.R. 228, this Court held that the section just quoted did not authorize the attachment and sale of property not covered by the mortgage, in order to satisfy any judgment or decision that might be rendered in a summary foreclosure proceeding. We do not find in the brief for appellant any satisfactory reason for disturbing the conclusion there reached.

In the instant case there was a demand for payment, in the stereotyped form, followed by the usual order for a sale of the mortgaged property. There was no decision nor judgment "that the plaintiff recover his debt", as in *P. R. Leaf Tobacco Company* v. *Aldrey, supra.* The order of sale did not direct the marshal "if the proceeds of such sale be insufficient to satisfy the judgment, then to secure the money, or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions." The demand for payment did not contain any intimation that a failure to meet the demand would be followed by such disastrous results. There was no such decision or judgment as is contemplated by the law of 1905 to be satisfied by the seizure and sale of property not covered by the mortgage.

The order appealed from must be affirmed.